IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNION PACIFIC RAILROAD COMPANY,** | ) ) ) | **CASE NO. 8:10CV235** |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER ON PRELIMINARY INJUNCTION** |
| **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and LISA P. JACKSON, in her official capacity,** | ) ) ) ) ) | |
| **Defendants.** | ) | |

This matter is before the Court on the parties' Joint Motion to Approve Stipulation for Entry of Preliminary Injunction (Filing No. 34) and the parties' Joint Stipulation for Preliminary Injunction (Filing No. 43). The motion and the parties' respective positions are supported by briefs and indexes of evidence (Filing Nos. 35, 36, 39, 40, and 41). A hearing on the Joint Stipulation was held on August 23, 2010. Counsel for the parties appeared and presented argument, but no further evidence was offered. The Court concludes that the Joint Stipulation should be approved and incorporated by reference into this Preliminary Injunction. The remaining issues related to enforcement are discussed below.

### DISCUSSION

**I.   Preliminary Injunction**

The Court has considered the evidence and the parties' Joint Stipulation for Preliminary Injunction  (Filing No. 43), and concludes that the Joint Stipulation should be approved.  Accordingly, the Motion to Approve Stipulation for Entry of Preliminary Injunction (Filing No. 34) will be granted.  This order will serve as a preliminary injunction, incorporating all terms and conditions set forth in the parties' Joint Stipulation.

## II.   Preliminary Injunction Enforcement

The parties were not able to reach complete agreement concerning the scope and terms of the preliminary injunction. At the hearing, the parties agreed that the issues to be decided by the Court were (1) who the Court should appoint as the independent computer forensics expert to advise the Court; (2) the outline or scope of work for the independent computer forensics expert; (3) whether the Defendant should be required to prepare an implementation plan for review and Court approval; and (4) when Region 7 of the United States Environmental Protection Agency ("EPA") can resume its policy of overwriting backup tapes. The Court has carefully considered the parties' written and oral arguments and has made the following determinations regarding the scope and enforcement of the preliminary injunction:

### a.  Independent Computer Forensics Expert

The Court will appoint Rich Hoffman of UnitedLex to serve as the Court's independent computer forensics expert in this case. The Court notes that both experts recommended by the respective parties are well qualified for the task. Based on Mr. Hoffman's qualifications and experience, the Court is confident that he can communicate with the Court effectively to ensure the Defendant's compliance with the preliminary injunction. The Court has contacted Mr. Hoffman, who has agreed to serve as the Court's expert in this case.

### b.  Scope and Duties of the Expert

In general, the Court adopts the Plaintiff's characterization of the scope of the computer forensics expert's duties. The Court notes that the principal role of the expert is to aid the Court in ensuring the Defendants' compliance with the preliminary injunction, and it is not the expert's role to engage in discovery or re-construction of data. While the

scope of the expert's work may be modified from time to time as more information comes to light, a preliminary description of the expert's scope of work is in the Order section, below.

### c.  Implementation Plan

At this time, the Court will not require the Defendants to prepare and submit an implementation plan for compliance with this preliminary injunction. The Court will consider the expert's findings and recommendations to determine whether a Court-approved implementation plan may be necessary in the future.

### d.  Overwriting Backup Tapes

The Court will allow Region 7 of the EPA to resume its policy of overwriting backup tapes after the Court's expert has had a reasonable opportunity to evaluate the adequacy of Defendants' data preservation measures, and has made a recommendation to the Court that overwriting may resume without the risk of loss of relevant data. The Court will consult with the expert about the proper way to ensure that data that may not have been captured on backup tapes can be so captured and preserved. The Court will request that the expert give priority to this issue so as to avoid needless expense to the EPA.

Accordingly,

IT IS ORDERED:

1. The parties' Joint Motion to Approve Stipulation for Entry of Preliminary Injunction (Filing No. 34) is granted, and the Joint Stipulation for Preliminary Injunction and Order (Filing No. 43) is approved;

2. A Preliminary Injunction is granted in favor of Plaintiff Union Pacific Railroad Company, incorporating all terms and conditions set forth in the Joint Stipulation for Preliminary Injunction and Order (Filing No. 43);

3. The Court appoints Rich Hoffman, of UnitedLex, to serve as the Court's independent computer forensics expert;

4. The computer forensics expert shall proceed in accordance with the following scope of work, subject to later modification:

    a. The general purpose of the computer forensics expert is to advise the Court as to whether measures taken by the Defendants to comply with this Preliminary Injunction are adequate to preserve relevant electronically stored data ("ESI");

    b. The computer forensics expert will not be responsible for the actual reconstruction or recovery of any ESI or documents;

    c. The computer forensics expert will evaluate and advise the Court with respect to the adequacy of the measures that the Defendants and their experts have taken, or propose to take (i) to ensure compliance with this Preliminary Injunction; (ii) to determine what relevant ESI or documents, if any, were destroyed; and (iii) to implement feasible restoration;

    d. The computer forensics expert will help the Court to facilitate an early decision regarding when the Defendant United States Environmental Protection Agency may reinstate its policy of overwriting backup tapes; and

5. The terms and conditions stated in, and incorporated by, this Preliminary Injunction replace the Temporary Restraining Order (Filing No. 16) previously in effect.

DATED this 26th day of August, 2010

> BY THE COURT:
>
> s/Laurie Smith Camp
> United States District Judge

4