# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 8:10-cv-00235-LSC-FG3 |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and ADMINISTRATOR, LISA P. JACKSON, In Her Official Capacity, | ) ) ) ) ) | PROTECTIVE ORDER |
| Defendants. | ) ) | |

The Court finds that good cause exists for issuance of an order requiring limited disclosure of the confidential information described in the parties' Stipulation (Doc. 59). Upon consideration of the Joint Motion for Protective Order (Doc. 58), and pursuant to Fed. R. Civ. P. 26(c),

**IT IS ORDERED** that the Joint Motion for Protective Order (Doc. 58) is granted and the parties' Stipulation (Doc. 59) is substantially approved, as follows:

1.   Defendant shall release the documents containing information which may be entitled to confidential treatment to the Plaintiff and such documents shall be handled in accordance with the terms of this Protective Order.

2.   As used in this Protective Order, the term "confidential information" means trade secrets or commercial or financial information submitted by a person to Defendant and which may be entitled to confidential treatment under 40 C.F.R. part 2. This information has not been determined by Defendant under 40 C.F.R., part 2, subpart B, not to be entitled to confidential treatment.

3.    Any information to be released by Defendant pursuant to this Protective Order shall be stamped conspicuously with the word "CONFIDENTIAL" by the Defendant on the top of each page of each document prior to the release to the Plaintiff. The transmittal of information designated as confidential shall be done by letter from the Defendant stating that the information designated as confidential is subject to this Protective Order.

4.    Information designated as confidential under this Protective Order shall not be used or disclosed by the Plaintiff or any other person subject to Paragraph 5 below for any purpose other than the preparation for, and trial of, this action and any appeal therein. The parties agree these proceedings include, but are not limited to, settlement negotiations, including mediation, and pre-trial and post-trial motions.

5.    The Plaintiff and Plaintiff's counsel, who obtain information designated as confidential hereunder, and any non-party subject to this Protective Order, shall not disclose or permit disclosure of this information to any other person, including without limitation any officer, director, employee, agent, or representative of Plaintiff, Plaintiff's counsel, or any nonparty, except in the following circumstances:

a.    Disclosures may be made to employees of Plaintiff or of Plaintiff's counsel who have responsibility for these proceedings, including the preparation and trial of this action or any appeal therein. Any employee to whom disclosure is made shall be advised of, and become subject to, the provisions of this Protective Order prior to such disclosure by executing the Confidentiality Agreement annexed hereto. Employees do not include person, firms, or corporations engaged by Plaintiff or Plaintiff's counsel on a contract basis, who shall be subject to the requirements of subparagraph (b) of this paragraph.

b.    Disclosure may be made to consultants, witnesses, experts, or employees of experts ("Expert(s)") employed or otherwise engaged by any party or counsel to any

party to assist in these proceedings, including the preparation and trial of this litigation. Prior to disclosure to any Expert, the Expert must agree to be bound by the terms of this Protective Order by executing the Confidentiality Agreement annexed hereto. A copy of each executed Confidentiality Agreement shall be furnished to the Defendant and submitter not less than five (5) business days prior to disclosure to the Expert. Defendant agrees to provide an additional 25 days after Expert Disclosures in this case for Expert reports or other expert communications that rely on information protected by this Protective Order. Plaintiff agrees to the same extension of time for Defendants' Expert reports or other expert communications that respond to Plaintiff's Expert report or communications. Defendant agrees to provide a current address for each submitter to Plaintiff.

6.   The Plaintiff and Plaintiff's counsel, and any other person subject to this Protective Order who obtains information designated as confidential hereunder, shall take all necessary and appropriate measures to maintain the confidentiality of the information, shall share such information only with persons authorized to receive it pursuant to this Protective Order, and shall retain the information in a secure manner. Except as provided in Paragraph 5 above, no other person shall be permitted access to the information.

7.   Any person who obtains access to information designated as confidential under this Protective Order may make copies, duplicates, extracts, summaries, or descriptions of the information or any portion thereof only for the purpose of preparation for litigation in this matter. All copies, duplicates, extracts, etc., shall be subject to the terms of this Protective Order to the same extent and manner as the original documents.

8.   If any party seeks to file with the Court any information designated as confidential under this Protective Order, and the parties cannot reach an agreement to redact, abridge, or otherwise remove that portion of the information that is confidential, *see* Fed. R. Civ. P.

5.2(a) and NECivR 5.0.3, such information shall be filed electronically, under seal, in accordance with the procedure set out in NECivR 7.5[1].

9.   Any unauthorized disclosure of information designated as confidential under this Protective Order shall not result in a waiver of any submitter's claim of confidentiality, and any inadvertent release or disclosure of information undet this Protective Order that is also subject to other Freedom of Information Act exemptions shall not result in waiver of those exemptions.

10.   If Defendant desires to add contractors to the list in Annex I, Defendant may file written notice with the Court and the Plaintiff of the identities of such contractors. If the Plaintiff does not object within three (3) days of receipt of such notice, the contractors will be added to Annex I.

---

[1]NECivR 7.5 provides, in relevant part:

**7.5 Sealed Documents and Objects.**

**(a)   Procedure.**

   **(i)   Motion to Seal.** A party seeking to file a sealed document or object must electronically file a motion to seal. The motion must state why sealing is required and whether redaction could eliminate or reduce the need for sealing. A motion to seal is not required if the document or object is already subject to a protective order or included within a category of documents or objects considered sealed under a federal statute or rule of procedure, local rule, or standing order of this court.

   **(ii)   Sealed Document not Attached.** The document to be sealed must not be attached to the motion but rather filed separately as a provisionally sealed document. The document remains provisionally sealed until the court rules on the motion to seal.

   **(iii)   Order.**  In ruling on the motion, the assigned judge may also unseal the document, strike it, or order the filing party to electronically file a redacted copy.

**(b)   Notice.** When a sealed document is filed, the System does not provide notice of electronic filing to all parties in the case. The filing party must use alternate forms of service to provide all parties entitled to notice with copies of the sealed document.

**(c)   Docket Sheet Entries.** When a sealed document is filed electronically, an entry appears on the electronic docket sheet only for court users and the filing party. The parties and the public do not have remote access to the sealed document from the docket sheet.

* * * *

-4-

11. Within 90 days after termination of this action by judgment, settlement or otherwise, or as may be detennined by the Court or EPA:

    a.   Except as provided in subparagraph (b), any person who obtained information designated as confidential hereunder shall assemble and return such information to Defendant, including all copies, duplicates, extracts, summaries, or descriptions of the information or portions thereof. Such rcturn shall be certified in writing by the person who obtained the information from EPA. All such information covered by this Protective Order which constitutes the work product of counsel for the Plaintiffs shall be destroyed;

    b.   The parties shall consult to determine if there is other litigation pending or imminent between Plaintiff and Defendants regarding the Omaha Lead Site under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). If such litigation is pending or imminent, the Parties shall consult whether the information provided to Plaintiff under this stipulation and protective order may be retained by Plaintiff pursuant to a similar protective order in that CERCLA litigation; and

    c.   The Clerk of the Court shall maintain under seal all papers filed under seal until the Court orders otherwise.

12. Recognizing that some documents released under this Protective Order may be privileged or protected, Plaintiff shall recognize that no waiver of any applicable privilege or protection relating to the subject matter or nature of the communication or relating to that particular document is either intended or implied by the Protective Order. The Court shall order, pursuant to Fed. R. Evid. 502(d), that the privilege or protection associated with the subject matter or nature of the communication, or related to a particular document, which document or communication is disclosed to the Plaintiff for purposes of this action, is not

waived by disclosure connected with the litigation pending before the Court, or in any other Federal or State proceeding.

**DATED September 30, 2010.**

BY THE COURT:

s/ F.A. Gossett, III
United States Magistrate Judge

**Annex 1**

**List of Contractors**

1.   ASRC Management Services

2.   ASW, Inc.

3.   Black & Veatch

4.   Chenega Global Solutions, Inc.

5.   Client/Server Software Solutions, Inc.

6.   Coastal Environmental Group, Inc.

7.   Computer Sciences Corporation

8.   Environmental Management Resources

9.   Environmental Restoration

10.   HydroGeoLogic, Inc.

11.   JMA Information Technology

12.   Professional Environmental Engineers

13.   Project Resources, Inc.

14.   Prudent Technologies

15.   Syracuse Research Corporation

**Annex 2**

**Stipulation and Protective Order Confidentiality A2reement**

The undersigned currently working at _____ which is located at _____ .  During the past year the undersigned has been employed or otherwise engaged as a consultant or contractor by the following company located at the following address:

[Company name]

[Address]

The undersigned hereby acknowledges that he/she has read the foregoing Protective Order ("Protective Order") executed by the attorneys of record for the parties  in the action presently pending in the U.S. District Court for the District of Nebraska, entitled *Union Pacific Railroad Company v. United States Environmental Protection Agency, et al.*, 8:10CV235, understands the terms thereof, and agrees, upon threat of penalty of contempt, to be bound by such terms. The undersigned understands that disclosure of information which has been designated as confidential by the submitter of that information may cause substantial harm to the affected business' competitive position. Accordingly, among other responsibilities, the undersigned shall only share such information with persons specifically authorized to receive the information pursuant to the Protective Order, shall retain the information in a secure manner, and shall use such information only for the purposes authorized by the Protective Order. The undersigned understands that the pledge of confidentiality under this Agreement continues after the lawsuit is over. Furthermore, the undersigned understands that a breach of the Protective Order may subject him/her to civil claims for damages and criminal prosecution under 42 U.S.C. § 9604(e)(7)(B).

_____
Dated

_____
Signed

_____
Printed Name

_____
Title

-8-